IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANELL HILL, an individual,

          Plaintiff,

v.                                  CIVIL ACTION NO. 3:10-0135

COMMONWEALTH HEALTH
CORPORATION, INC., YOUR GROUP
VOLUNTARY LONG-TERM DISABILITY
BENEFITS, and Employee Benefit Plan, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment [doc. no. 33] by Defendants United of Omaha Life Insurance Company (incorrectly named in the Complaint as "United of Omaha Mutual Life Insurance Company") and Commonwealth Health Corporation, Inc. Your Group Voluntary Long-Term Disability Benefits, an Employee Benefit Plan (the Plan). For the following reasons, the Court **GRANTS** the motion.

The facts of this case are straightforward and not disputed. Plaintiff alleges that, on or about March 31, 2007, she became totally disabled as a result of a mental condition. Specifically, she states that she suffered a panic attack on March 30, 2007, and has been unable to work since that time. On May 9, 2007, she applied for long-term disability (LTD) benefits and stated her symptoms included depression, mania episodes, and panic attacks. She identified Dr. William Kornfeld, a psychiatrist, as her treating physician.

In June of 2007, Dr. Kornfeld submitted a LTD Claim Physician's Statement. On the Statement, Dr. Kornfeld wrote that Plaintiff's symptoms first appeared about four years ago and she started treatment with him on December 2, 2005. He stated her primary diagnosis is bipolar disorder, depression, and panic disorder. Dr. Kornfeld listed a number of medications Plaintiff was taking to treat her condition, and he opined she was unable to work.

Ultimately, Defendant United of Omaha denied Plaintiff's claim for LTD benefits. The basis for the denial was that Plaintiff failed to show she was continuously disabled through the 90-day elimination period from her regular occupation. Plaintiff disagreed with the decision and filed the current action in order to obtain benefits.

In their motion for summary judgment, Defendants assert that, notwithstanding the rationale used in denying Plaintiff's claim at the administrative level, the claim was properly denied because it is subject to the pre-existing condition exclusion in the policy. Specifically, the Plan, which took effect on April 1, 2006, states, in part, under the heading "Long-Term Disability Benefits:"

> **Pre-exiting Conditions**
>
> We will not provide benefits for Disability:
>
> (a) caused by, contributed to by, or resulting from a Pre-existing Condition; and
>
> (b) which begins in the first 24 months after You are continuously insured under this Policy.

> A **Pre-existing Condition** means any Injury or Sickness for which You received medical treatment, advice or consultation, care or services including diagnostic measures, or had drugs or medicines prescribed or taken in the 12 months prior to the day You become insured under the Policy.

*Your Group Voluntary Long-Term Disability Benefits*, at 17 (rev. Jan. 1, 2007) (bold original). Defendants argue the grounds for Plaintiff's disability fits squarely within this provision as her claim for disability is based upon a pre-existing condition for which she was receiving medical treatment and for which she was taking prescribed medication during the relevant time periods for the exclusion to apply. Plaintiff does not dispute she received treatment for her mental disorder during the relevant time period. However, Plaintiff asserts that her "mental disorder" is not covered by the definition of a pre-existing condition. For the following reasons, the Court disagrees with Plaintiff.

Initially, the Court finds, and the parties agree, that this issue is subject to a de novo standard of review as Defendant United of Omaha has never exercised its discretion on this issue. Under this standard, the Court turns to the Plan language and implements established rules of contract law. *Haley v. Paul Revere Life Ins. Co.,* 77 F.3d 84, 88 (4th Cir. 1996) (stating "ERISA plans are contractual documents which, while regulated, are governed by established principles of contract and trust law" (citations omitted)). Thus, "courts must enforce and follow the plan's plain language in its ordinary sense." *Blackshear v. Reliance Standard Life Ins. Co.*, 509 F.3d 634, 639 (4th Cir. 2007) (abrogated on other grounds; internal quotation marks and citations omitted).

In this case, under the heading "Long-Term Disability Definitions," the Plan defines the term "sickness" as "a disease, disorder or condition, including pregnancy, for which you are under the care of a Physician. Disability must begin while you are insured under the Policy." *Your Group Voluntary Long-Term Disability Benefits*, at 31, in part. Plaintiff argues because the definition of sickness does not specifically include the phrase "mental disorder," she is not subject to the pre-existing condition exclusion because it only applies to sickness and injuries. The Court finds several fundamental problems with Plaintiff's position.

First, it is axomatic that a "mental *disorder*" is a *disorder* which is a term expressly included in the definition of sickness. Second, under the same section that defines "sickness," a "mental disorder" is defined as "any condition or disease, regardless of its cause, listed in the most recent edition of the International Classification of Diseases as a mental disorder." *Id*. at 30. As the definition of sickness also includes a disease or condition being treated by a Physician, it is obvious that if a claimant suffers from, and is being treated for, a disease or condition, which in some instances may be classified as a "mental disorder," that individual suffers from a sickness under the terms of the Plan. A plain reading of this language can reach no other logical result as it is clear that a "mental disorder" is merely a subset of potential "disease[s], disorder[s] or condition[s]" which may qualify as a sickness under the Plan.

Moreover if, contrary to the plain language of the Plan, this Court were to assume Plaintiff is correct and a "mental disorder" is not a "sickness," then Plaintiff cannot receive LTD benefits for a mental disorder under the terms of the Plan. The first paragraph of the Long-Term

Disability Benefits section states that benefits are paid if a claimant "become[s] Disabled due to Injury or Sickness[.]" *Id.* at 17.[1] There is no separate category for a mental disorder. Thus, no benefits for a mental disorder would be available. However, such an interpretation would not only be absurd for the reasons stated above, it also would make other provisions in the Plan, providing for such things as time limits on how long benefits are payable for mental disorders and the definition of a mental disorder, both unnecessary and nonsensical. Thus, the Court rejects Plaintiff's argument.

Plaintiff further argues that the Court should remand the issue because it is a post-hoc rationalization, and she should have the opportunity to argue her position at the administrative level. Ordinarily, the Court would be inclined to agree with Plaintiff that remand is appropriate where the Plan administrator did not consider or rule upon an issue being advocated before this Court. In this case, however, the facts are not in dispute and the Plan's language is clear that Plaintiff's claim falls under the pre-existing condition exclusion. The issue before the Court is purely a legal one, that is, whether a mental disorder qualifies as a pre-existing condition under the terms of the Plan. Plaintiff

---

[1]This paragraph provides in full:

> **Benefits**
>
> If, while insured under this provision, You become Disabled due to Injury or Sickness, We will pay the Monthly Benefit shown in the Schedule. Benefits will begin after You satisfy the Elimination Period shown in the schedule.

*Id.* (bold original).

-5-

has been given a full opportunity to brief the issue before this Court, and the Court sees nothing to be gained by having this case remanded. Accordingly, the Court finds this is one of those rare instances in which remand would be completely futile and a waste of the parties' time and resources. *See Pankiw v. Federal Ins. Co.*, 316 Fed. Appx. 458, 461 (6th Cir. Mar. 12, 2009) (holding "[n]othing in ERISA requires a remand where it would be a 'useless formality'" (citation omitted)); *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008) (finding remand would be futile where relevant information was finally disclosed and a denial, "even if not properly explained at the time of denial and during administrative review, was, as a substantive matter, an appropriate implementation of" a policy under the Plan); *Gilliam v. Hartford Life and Acc. Ins. Co.*, No. Civil Action No. 05-219-DLB, 2006 WL 2873475, at *10 (E.D. Ky. Oct. 5, 2006) (stating "remand of an ERISA action is not warranted where it would constitute a 'useless formality.' . . . Where the record simply fails to support a claim for benefits that would survive a subsequent challenge under the arbitrary and capricious standard upon an inevitable re-termination of benefits, remand serves no purpose." (citations omitted)).[2]

---

[2]Plaintiff makes a cursory argument that the 2006 Plan does not apply to her 2007 disability claim because she worked for Defendant Commonwealth Health Corporation, Inc. for nearly ten years. Thus, Plaintiff asserts that a previous Plan should be applied. In support, Plaintiff cites a provision under the subheading "**Continuity of Coverage Upon Transfer of Insurance Carriers**," which provides, in part:

> **Effect of a Preexisting Condition**
>
> If You become insured under the Policy on its effective date and were covered under a group disability plan maintained by the Policyholder immediately prior to the effective date of this Policy, any benefits payable under this Policy for a disability due

(continued...)

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment. [Doc. No. 33].

---

²(...continued)
to a Preexisting Condition will be determined as follows:

1. If You cannot satisfy the Pre-existing Conditions provision of this Policy, *but have satisfied the pre-existing condition provision under the prior disability plan*, giving consideration towards continuous time covered under both plans, We will pay the lesser of:

(a) the benefit that would have been paid under the prior plan; or

(B) the benefit payable under this Policy.

2. If You cannot satisfy the Pre-existing Conditions provision under this Policy or of the prior plan, no benefit under this Policy will be payable.

*Your Group Voluntary Long-Term Disability Benefits*, at 11-12 (italics added). As evident from the heading of this subsection and the italicized language, this provision provides continuity of coverage for persons who have already been approved for benefits under a previous plan. It is completely inapplicable to Plaintiff who alleges her disability began after the 2006 Plan took effect.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                                        ENTER:      June 9, 2011

                                        ROBERT C. CHAMBERS
                                        UNITED STATES DISTRICT JUDGE